UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:  LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br>          Debtors. | Chapter 11<br><br>**Case No. 08-13555 (JMP)**<br><br>(Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC. and OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br>          Plaintiffs,<br>                    v.<br>JPMORGAN CHASE BANK, N.A.,<br>          Defendant. | **Adversary Proceeding No. 10-ap-03266 (JMP)** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE INTERNATIONAL SWAPS AND DERIVATIVES ASSOCIATION, INC. AND
THE SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION
<u>FOR LEAVE TO FILE MEMORANDUM OF LAW AS AMICI CURIAE</u>**

MAYER BROWN LLP
Joshua Cohn
Christopher J. Houpt
1675 Broadway
New York, New York  10019
(212) 506-2500

*Attorneys for Amici Curiae*
*The International Swaps and*
*Derivatives Association, Inc. and*
*The Securities Industry and*
*Financial Markets Association*

The International Swaps and Derivatives Association, Inc. ("ISDA") and the Securities Industry and Financial Markets Association ("SIFMA") respectfully move for leave to file as amici curiae the Memorandum of Law attached hereto. This case raises important issues relating to the financial-agreement safe harbors in the Bankruptcy Code that are of great importance to ISDA's and SIFMA's members and on which both organizations believe that their knowledge of financial markets could benefit the Court.

ISDA is the global trade association representing leading participants in the derivatives industry. Since its inception, ISDA has pioneered efforts to identify and reduce the sources of risk in the derivatives and risk management business. ISDA was chartered in 1985 and is comprised of more than 800 member institutions from 54 countries on six continents. These members include most of the world's major institutions dealing in privately negotiated derivatives, as well as many of the businesses, governmental entities, and other end users that rely on over-the-counter derivatives to manage the market risks inherent in their core economic activities. ISDA publishes the ISDA Master Agreement, which serves as the contractual foundation for more than 90% of derivatives transactions globally (including the transactions at issue in this dispute), and distributes market-specific definitional booklets that supplement the Master Agreement.

SIFMA brings together the shared interests of hundreds of securities firms, banks and asset managers. SIFMA's mission is to support a strong financial industry, investor opportunity, capital formation, job creation and economic growth, while building trust and confidence in the financial markets. SIFMA, with offices in New York and Washington, D.C., is the U.S. regional member of the Global Financial Markets Association (GFMA). For more information, visit www.sifma.org.

Because of their roles in the development of derivatives and securities markets, both amici are uniquely well-positioned to evaluate and comment on the interpretation of the safe harbor provisions in Section 546 of the Bankruptcy Code. Indeed, both organizations, or their predecessors, participated actively in the debates over the enactment of the various amendments to the Bankruptcy Code that added the safe-harbor provisions, which were intended "to ensure that the swap and forward contract financial markets are not destabilized by uncertainties regarding the treatment of their financial instruments under the Bankruptcy Code." H.R. Rep. No. 101-484, at 1 (1990), reprinted in 1990 U.S.C.C.A.N. 223; *see also* ISDA & The Public Securities Association,[1] *Financial Transactions Insolvency: Reducing Risk through Legislative Reform*, 13–14 (1996).

Both ISDA and SIFMA often appear as amici curiae in cases raising issues of importance to the derivatives and securities markets and the commercial banking industry, and courts frequently have relied on their views. *See, e.g.*, *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 173-74 (2d Cir. 2004); *Merrill Lynch Int'l v. XL Cap. Assur. Inc.*, 564 F. Supp. 2d 298, 300 (S.D.N.Y. 2008) (all citing ISDA amicus briefs); *Brookfield Asset Mgmt. v. AIG Fin. Prods. Corp.*, 2010 WL 3910590, at *6 n.3 (S.D.N.Y. Sept., 29, 2010); *Eternity Global*, 375 F.3d at 181-82 & n.24; *Fin. One Pub. Co. v. LBSF*, 215 F. Supp. 2d 395, 400 (S.D.N.Y. 2002) (all citing ISDA *User's Guides*); *Arnold Chase Family, LLC v. UBS AG*, No. 3:08cv00581, 2008 WL 3089484, at *1 (D. Conn. Aug. 4, 2008); *Bevill, Bresler & Schulman Asset Mgmt. Corp. v. Spencer Sav. & Loan Ass'n*, 878 F.2d 742, 745 (3d Cir. 1989); *RTC v. Harris Trust & Sav. Bank*, No. 90 C 7330, 1992 WL 223807, at *6 & n.13 (N.D. Ill. Sept. 2, 1992) (all citing SIFMA or PSA amicus briefs).

---

[1] PSA was a predecessor to The Bond Market Association, which in turn was a predecessor to SIFMA.

ISDA and SIFMA recognize that the filing of an amicus brief at the reply stage is unusual. We submit, however, that it is appropriate in this case. It was not until Lehman filed its opposition to JPMorgan's motion to dismiss that the nature of its legal positions, and their full ramifications for financial markets, became apparent. Amici, therefore, sought to respond at the earliest practical opportunity.

## CONCLUSION

For all of the foregoing reasons, this Court should grant ISDA and SIFMA leave to file the attached Memorandum of Law as amici curiae.

Dated: New York, New York
February 2, 2011

    s/Joshua Cohn
    MAYER BROWN LLP
    Joshua Cohn
    Christopher J. Houpt
    1675 Broadway
    New York, New York 10019
    (212) 506-2500

    *Attorneys for Amici Curiae*
    *The International Swaps and*
    *Derivatives Association, Inc. and*
    *The Securities Industry*
    *and Financial Markets Association*